FILED

JUN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREDERICK SCHIFF,

        Plaintiff - Appellant,

  v.

THE CITY AND COUNTY OF SAN
FRANCISCO,

        Defendant - Appellee.

No. 11-17293

D.C. No. 4:10-cv-01051-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 16, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District
Judge.[**]

    Frederick Schiff, an officer in the San Francisco Police Department

("SFPD"), sued the City and County of San Francisco (the "City") for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Thomas S. Zilly, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

discrimination, retaliation, and violation of his rights to free association, pursuant to 42 U.S.C. §§ 1981 and 1983. Schiff appeals from the district court's orders denying a preliminary injunction and dismissing his First Amendment claim with prejudice, as well its order granting the City's motion for summary judgment and denying Schiff's motion for partial summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the dismissal of a claim without leave to amend and a decision to grant or deny summary judgment. We affirm.

Schiff alleges that the "stay-away order" prohibiting his contact with a family who resided in his former precinct, issued by the SFPD to protect the family from gang retaliation, violates his rights to free association. Schiff waived any claim that his association was an intimate one and focused his argument on its expressive nature. Although the protection for "expressive association is not reserved for advocacy groups," in order "to come within its ambit, a group must engage in some form of expression, whether it be public or private." *Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000). Schiff's relationship is a social one unprotected by the Constitution, which does not recognize "a generalized right of 'social association.'" *City of Dallas v. Staglin*, 490 U.S. 19, 25 (1989). The district court accordingly did not err in dismissing Schiff's freedom of association claims

2

and denying leave to amend, because any amendment would be futile. *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012).

Schiff argues that the district court erred in concluding that evidence of the City's past discrimination may not be used as evidence of current discrimination or pretext. Evidence of past discrimination is admissible as background evidence and can be considered by the trier of fact as indirect proof of the employer's intent to discriminate. *Lyons v. England*, 307 F.3d 1092, 1111-12 (9th Cir. 2002). To the extent the district court failed to consider this evidence at all, the district court erred. Nevertheless, Schiff's discrimination claim still fails. Assuming that Schiff can establish a prima facie case of discrimination under the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), the City has presented evidence of a legitimate, non-discriminatory reason for not promoting Schiff. To make promotions in 2009-2010, the City used the Rule of Five Scores and Chief Gascón made promotions in rank order unless a candidate had recent disciplinary issues. Gascón skipped only one other officer and Schiff, because both of them had disciplinary issues. Gascón stated that except for those two candidates, he "was unaware of any recent disciplinary issues related to the other candidates that would prevent their promotion." Schiff has failed to demonstrate that the City's articulated reason is pretextual "either directly by

3

persuading the [fact-finder] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) .

Assuming that Schiff can establish a prima facie case of retaliation, the City has presented legitimate, non-discriminatory reasons for the discipline and the failure to promote—Schiff's neglect of duty—and for the stay-away order—the risk to the family in his former precinct. Although Schiff points to irregularities in the circumstances surrounding the stay-away order, Schiff's own reports document the seriousness of the threats made against the family and the fact that they were made because "police [were] coming in and out of [the] house on a regular basis" and because family members were seen as "so friendly with police" that residents inferred that the family members "must be snitching on [gang-members'] criminal activities." With respect to the promotion claim, it is undisputed that three others who engaged in the same protected activity as Schiff were promoted during the relevant time period, plus an additional officer who sued the SFPD independently. Schiff has not met his burden of demonstrating that the reasons proffered by the City were merely a pretext for a retaliatory motive. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Because we affirm the dismissal of Schiff's First Amendment claim, Schiff's request for review of the denial of his preliminary-injunction motion is moot. Schiff's motion for judicial notice is also DENIED as moot.

AFFIRMED.